**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 4:07-CV-1703 CAS |
| BLUM CONCRETE CONTRACTORS, LLC, a Missouri limited liability company, and SEAN A. BLUM, an individual, d/b/a BLUM CONCRETE CONTRACTORS, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for contempt. Plaintiffs' motion is accompanied by a memorandum in support and two affidavits of counsel. The Court will order defendants to show cause why plaintiffs' motion should not be granted.

**Background**.

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145. The Complaint asserted that defendants Blum Concrete Contractors, LLC and Sean Blum are bound by the provisions of a collective bargaining agreement between Laborers Local Union 47-53-110 and the Associated General Contractors effective March 2001 through February 2009. This agreement requires defendants to pay contributions to the

Laborers' Funds and to file monthly contribution report forms. Plaintiffs' Complaint seeks judgment requiring the defendants to submit all untimely reports along with contributions and liquidated damages due, and to make future payments to the Funds in accordance with the terms of the collective bargaining agreement, and seeks an injunction prohibiting defendants from performing work of a type covered by the collective bargaining agreement within the geographical area covered by that agreement until defendants obtain a surety bond or letter of credit as required under the collective bargaining agreement.

Defendants were served with summons and complaint on October 13, 2007, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. A Clerk's Entry of Default finding defendants in default under Rule 55(a), Fed. R. Civ. P., was issued on December 4, 2007 (Doc. 9). On December 6, 2007, the Court issued an Order compelling an accounting, which stated in pertinent part:

> **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting is **GRANTED**. [Doc. 6]
>
> **IT IS FURTHER ORDERED** that defendants Blum Concrete Contractors, LLC, and Sean A. Blum shall provide to plaintiffs, within thirty (30) days of the date of this Order, all of their books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendants' employees during the period since June 13, 2006.

Plaintiffs represent to the Court through the affidavits of plaintiffs' counsel, Ms. Janine M. Martin, that defendants, despite having been provided with a copy of the Court's Order, have failed to produce the documents as ordered.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish

for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id. This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

3

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that Blum Concrete Contractors, LLC and Sean A. Blum have not produced records as ordered. At this point, the burden shifts to defendants to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Blum Concrete Contractors, LLC and Sean A. Blum are ordered to show cause why they should not be held in contempt of court for failure to produce records as ordered by the Court on December 6, 2007.

**IT IS FURTHER ORDERED** that a hearing is set for Friday, **March 7, 2008**, at 10:00 a.m. in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendants Blum Concrete Contractors, LLC and Sean A. Blum shall appear and may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of December 6, 2007. Because incarceration is a possible civil contempt sanction, defendants have the right to representation by counsel. **Failure to appear for the hearing as ordered may subject Mr. Blum to arrest by the United States Marshal's Service**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order by first class United States mail and by Certified Mail, return receipt requested, to Blum Concrete

Contractors, LLC and Sean A. Blum at their addresses of record: 1041 Walter, Sullivan, Missouri 63080, and 223 E. Springfield Road, Sullivan, Missouri 63080.

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 **CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of February, 2008.