UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, RAYMOND LINEHANAN, DREW ORLANDO, GARY ELLIOTT, GALE JAMISON, JEFFREY SCHMIDT, KENNETH KARSTEN, JAMES MOLL, THOMAS DAVIS, JERRY FLEMING, CHARLES BEAN and NORMAN MERLO, Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and ANDREW ORLANDO, RICHARD McLAUGHLIN, JEFFREY O'CONNELL, PASQUALE LOPICCOLO, DON WILLEY, JOSEPH BEETZ, GARY ELLIOTT, WILLIAM L. LUTH, DONALD GRANT, JOSEPH LERITZ, ROBERT FRITZ and JAY SCHULTEHENRICH, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and JOSEPH TOCCO, GARY ELLIOTT, BRANDON FLINN, JAY SCHULTE-HENRICH, NORMAN MERLO and WILLIAM L. LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC–EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and ERNEST L. BROWN, ANDREW ORLANDO, PERRI PRYOR, JOHN STROUP, MARK JONES, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, JOHN B. MORGAN, JOHN P. MULLIGAN, ROBERT J. WESOLICH, FRANCIS R. WOJEHOWSKI, CLIFF LAND, JOHN J. SMITH, SR. and WILLIAM R. GAINES, JR., Trustees of the AGC–Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-53-110, LABORERS INTERNATIONAL | No. 4:07-CV-1703 CAS |

| | |
|---|---|
| UNION OF NORTH AMERICA, AFL-CIO, | ) |
| labor organizations, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUM CONCRETE CONTRACTORS, | ) |
| LLC, a Missouri limited liability company, | ) |
| and SEAN A. BLUM, an individual, d/b/a | ) |
| BLUM CONCRETE CONTRACTORS, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

# **DEFAULT JUDGMENT**

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs also seek to recover accounting fees and attorneys' fees incurred in this action.

Defendants Blum Concrete Contractors, LLC and Sean A. Blum were served with summons and complaint on October 13, 2007, and have not filed an answer or otherwise entered their appearance. A Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered on December 4, 2007. [Doc. 9]

Plaintiffs move for default judgment, submitting in support of their motion a memorandum, exhibits, and the affidavits of John Massa, Bernard Difani, and Janine M. Martin. Upon review of plaintiffs' motion, the Court finds the following:

As established by the Affidavit of Bernard Difani, defendants are party to a collective bargaining agreement between Laborers Locals 42-53-110 and the Associated General Contractors of St. Louis effective March 2001 through February 2009. (Difani Aff., ¶ 2; Pls.' Exs. 1 and 2). This agreement requires defendants to submit monthly reports and remit contributions to the

2

Laborers Funds. (Difani Aff., Ex. 2, Art. VII). In addition, the agreement authorizes the Laborers Funds to examine the payroll and related records of employers to determine whether the required contributions have been made. (Difani Aff., ¶ 5; Ex. 2).

The agreements also provide that liquidated damages of twenty percent (20%) may be assessed on all contributions not paid by the end of the month following the month in which contributions are earned. (Difani Aff. ¶ 3, Ex. 2). In the event that suit is filed to collect contributions and liquidated damages, interest on the delinquent contributions is required by the agreements. (Difani Aff., ¶ 4, Ex. 2). In addition, the collective bargaining agreement requires the defendants to pay the accounting costs if an examination of defendants' financial records determines that defendants have not made a full reporting of the number of hours worked. (Difani Aff., Ex. 2).

A financial examination of defendants' financial records was conducted by plaintiffs' accountants for the period of June 13, 2006 through March 31, 2007. (Affidavit of John Massa, ¶ 3). The examination showed that defendants had under-reported 992.75 hours. For these hours, defendants owe $10,061.25 in contributions, $2,056.92 in liquidated damages, and $1,705.09 in interest through March 31, 2009.

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (i) interest on the unpaid contributions,
>     or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

29 U.S.C. §1132(g)(2). In addition to being required by the collective bargaining agreement, this statutory provision entitles the fiduciary plaintiffs to unpaid contributions, liquidated damages, interest, costs, and attorneys' fees.

The Court finds that pursuant to the collective bargaining agreement and ERISA, 29 U.S.C.§1132(g)(2), plaintiffs are owed a total of $10,061.25 in delinquent contributions, $2,056.92 in liquidated damages and $1,705.09 in interest through March 31, 2009. Also, the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2), requires defendants to pay plaintiffs' attorneys' and accounting fees. The accounting fee in this case was $700.00. Plaintiffs have incurred an additional $1,830.50 in attorneys' fees and $459.05 in costs. Based on the evidence presented, the Court finds the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees is reasonable.

Thus, the total amount owed by defendants to plaintiffs during the time period of June 13, 2006 to March 31, 2007 is $16,812.81, and plaintiffs are entitled to a default judgment in this amount.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 32]

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of plaintiffs and against defendants Blum Concrete Contractors, LLC and Sean A. Blum, jointly and severally, in the total amount of Sixteen Thousand Eight Hundred Twelve Dollars and Eighty-One Cents ($16,812.81).

*[signature: Charles A. Shaw]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __17th__ day of April, 2009.